# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| MORELLA CHARLERY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL NO. 2004-0065 |
| v. ) | |
| ) | |
| STX, INC. and P.A.M., INC., d/b/a ) | |
| GOLDEN ROCK PHARMACY, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## **MEMORANDUM OPINION**

FINCH, J.

     THIS MATTER comes before the Court on a Motion Dismiss filed by Defendant, P.A.M., Inc on May 6, 2005. Plaintiff Morella Charlery opposes such Motion. After careful consideration and upon review of the briefs submitted by the parties, the Court issues the following ruling.

### I.    **BACKGROUND**

     Plaintiff has filed this action against the Defendants alleging the following counts: (1) violation under Title VII of the Civil Rights Act of 1964, 42 USCS § 2000e; (2) violation of Virgin Islands civil rights statutes 24 V.I.C. § 451, 10 V.I.C. §§ 1-10 and 10 V.I.C. § 64; (3) wrongful discharge under 24 V.I.C. § 76; (4) intentional and negligent infliction of emotional distress; (5) violation of the duty of good faith and fair dealing; and (6) punitive damages. Defendant P.A.M., Inc. filed a motion seeking to dismiss all of the counts contained in the allegations pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Plaintiff was first employed by Defendant in September 1998 as a cashier at the Golden Rock Pharmacy located in St. Croix. Complaint ¶ 5. In 2003, Plaintiff was promoted to the position of Pharmacist Technician. Complaint ¶ 6. On October 11, 2003, Plaintiff notified Defendant of her intention to use her three weeks of accrued vacation time beginning on November 17, 2003. Complaint ¶ 9. Additionally, Plaintiff informed Defendant that she planned to be out on maternity leave following her vacation time with an anticipated return to work date of January 5, 2004. Id. After notifying Defendant of her plans to take time off, Plaintiff's supervisor, Bill Reynolds, asked Plaintiff to speak to him privately regarding her departure. Complaint ¶ 10. Reynolds told Plaintiff that she would need to spend more time off with her child and asked her to wait until after January 5, 2004 to return to work. Id.

On January 18, 2004, Plaintiff went to the Golden Rock Pharmacy and spoke to Reynolds, informing him that she was ready to begin working again. Complaint ¶ 11. Reynolds told Plaintiff that she could not return to work that day and told her that he would organize a work schedule the following Tuesday. Complaint ¶ 12. Reynolds asked that Plaintiff call him the following Wednesday to find out when she could come back to work. Id. However, when Plaintiff called Reynolds the following Wednesday, he told her that he had not fixed the schedule yet. Complaint ¶¶ 13-14. Plaintiff called once again on Thursday but Reynolds would not take her call. Complaint ¶ 15. On Monday of the following week, Plaintiff went to the store and learned that Reynolds was off island and there was no schedule for her to work. Complaint ¶ 16. Plaintiff repeatedly returned to the store and left numerous messages for Reynolds but she was never called back and never put on the schedule to return to work. Complaint ¶ 17.

Plaintiff believes that the reason she was not allowed to return to work was illegal sexual discrimination. Complaint ¶ 19. As a result, Plaintiff has been humiliated, suffered loss of

2

income, loss of capacity to earn income, mental anguish, loss of reputation, pain and suffering and loss of enjoyment of life.  Complaint ¶ 20.

## II.     STANDARD OF REVIEW

When ruling on a motion to dismiss pursuant to Rule 12(b)(6), this Court must accept as true all of the factual allegations in the complaint as well as the reasonable inferences that can be drawn from them.  Moore v. Tartler, 986 F.2d 682, 685 (3d Cir. 1993); see Weston v. Commonwealth of Pennsylvania, 251 F.3d 420, 429-430 (3d Cir. 2001).   The Court may dismiss the complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Quinones v. United States, 492 F.2d 1269, 1273 (3d Cir. 1974) ("[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.")

## III.    DISCUSSION

Defendant P.A.M., Inc. asserts that it transferred its assets to co-Defendant STX, Inc. prior to the relevant periods in Plaintiff's Complaint.  See Def.'s Brief in Supp. of Mot. to Dismiss at 2.  Therefore, Defendant P.A.M., Inc. insists that it cannot be considered Plaintiff's employer in this matter.  Id.

Plaintiff alleges in her Complaint that P.A.M., Inc. did business as the Golden Rock Pharmacy and was Plaintiff's employer starting in 1998.  Complaint ¶ 5.  Plaintiff's Complaint makes no mention of any transfer of assets between Defendant P.A.M., Inc. and STX, Inc. Construing the Complaint liberally and drawing all reasonable inferences in Plaintiff's favor, the

Court finds that Plaintiff has sufficiently stated a claim against Defendant P.A.M., Inc. to overcome dismissal.  See Menkowitz v. Pottstown Memorial Medical Center, 154 F.3d 113, 124 (3d Cir. 1998); Schrob v. Catterson, 948 F.2d 1402, 1405 (3d Cir. 1991); Wilson v. Rackmill, 878 F.2d 772, 775 (3d Cir. 1989).  Whether Defendant P.A.M., Inc. transferred its assets to co-Defendant STX, Inc. and whether Defendant P.A.M., Inc. was doing business as Golden Rock Pharmacy at the time of the relevant events are factual questions that require consideration of additional evidence outside of the pleadings.  See Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 511 (2002).

Defendant argues that "the fact remains that in 2004 Plaintiff was not employed by Defendant P.A.M., Inc., d/b/a as Golden Rock Pharmacy, as evidenced by the attached letter…." Def.'s Reply to Pl.'s Opp. to Def.'s Mot. to Dismiss at 1.  Although Defendant has submitted an attachment to its brief in support of its Motion to Dismiss, the Court may not consider any outside evidence in ruling on a motion to dismiss.  See Gov't Guarantee Fund v. Hyatt Corp., 166 F.R.D. 321, 325 (D.V.I. 1996); see also Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) ("When a federal court reviews the sufficiency of a complaint before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one.  The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims").

Defendant P.A.M., Inc.'s allegations as to the date and the nature of the transfer of assets to co-Defendant STX, Inc. are not sufficient to grant the Motion to Dismiss.  The Court must take all factual allegations in Plaintiff's Complaint as true.  Hyatt Corp., 166 F.R.D. at 325.  Relying on Plaintiff's Complaint and nothing more, the Court cannot state as a matter of law that Plaintiff cannot prove any claims against Defendant P.A.M., Inc.  Because Defendant P.A.M.,

Inc.'s Motion requires resolution of facts outside the pleadings, the Motion to Dismiss must be denied as premature.

       ENTERED this 30th day of June, 2008.

                                                              /s/
                                     **HONORABLE RAYMOND L. FINCH**
                                     **U.S. DISTRICT JUDGE**